**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000882
22-JUL-2022
07:56 AM
Dkt. 156 OGMD**

NO. CAAP-19-0000882

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,
AS TRUSTEE, (CWABS 2006-ABC1), Plaintiff-Appellee,
v.
DALE ALLEN WARD; MELANIE RENEE WARD, Defendants-Appellants,
and
UNITED STATES OF AMERICA; DEPARTMENT OF TAXATION, STATE OF
HAWAI'I; SUSAN JILL HOOVER; ISLAND PROPERTY INVESTMENTS;
DESCHUTES RIVER PROPERTIES; PIILANI HOMEOWNERS ASSOCIATION;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS
NOMINEE FOR ENCORE CREDIT CORP., A CALIFORNIA CORPORATION,
Defendants-Appellees,
and
JOHN and MARY DOES 1-20; DOE PARTNERSHIPS, CORPORATIONS or
OTHER ENTITIES 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC161000209(3))

**ORDER**
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Upon review of the **"Motion to Dismiss** Defendants-Appellant's [sic] Appeals Filed December 30, 2019 and Filed May 11, 2022" filed by Plaintiff-Appellee The Bank of New York Mellon (**BONY**) on June 30, 2022, the papers in support, the memorandum in opposition filed by Defendants-Appellants Dale Allen Ward and Melanie Renee Ward (the **Wards**) on July 7, 2022, and the record, it appears that:

1.  BONY filed a mortgage foreclosure action against the Wards, among others, docketed in the Judiciary Information Management System as 2CC161000209 (the **Foreclosure Action**);

2.  The circuit court entered a **Judgment of Foreclosure** in the Foreclosure Action in favor of BONY and against the Wards on December 2, 2019;

3.  The Wards appealed from the Judgment of Foreclosure, creating CAAP-19-0000882 (the **Foreclosure Appeal**);

4.  The Wards did not obtain a stay of the Foreclosure Action pending the Foreclosure Appeal;

5.  The property which was the subject of the Foreclosure Action (the **Property**) was sold to a third party, Michael **Wick**, at the foreclosure auction;

6.  BONY filed a motion to confirm the sale of the Property to Wick;

7.  The Wards' memorandum in opposition to BONY's motion to confirm sale did not argue that Wick was not a good faith purchaser[1] of the Property;

8.  The circuit court entered a judgment in the Foreclosure Action confirming the sale of the Property to **Wick** on April 5, 2022 (**Judgment Confirming Sale**);

9.  The Wards appealed from the Judgment Confirming Sale, creating CAAP-22-0000323 (the **Confirmation of Sale Appeal**);

10.  The Wards did not obtain a stay of the Foreclosure Action pending the Confirmation of Sale Appeal;

11.  The Property was conveyed to Wick by Commissioner's Deed recorded in the State of Hawaiʻi Bureau of Conveyances on May 10, 2022;[2]

---

[1]    A "good faith purchaser is one who, by an honest contract or agreement, purchases property or acquires an interest therein, without knowledge, or means of knowledge sufficient to charge him in law with knowledge, of any infirmity in the title of the seller." Bank of New York Mellon v. R. Onaga, Inc., 140 Hawaiʻi 358, 367 n.13, 400 P.3d 559, 568 n.13 (2017) (cleaned up).

[2]    We may consider this new evidence because it relates to mootness. Queen Emma Found. v. Tatibouet, 123 Hawaiʻi 500, 507 n.8, 236 P.3d 1236, 1243 n.8 (App. 2010).

12. In response to the Motion to Dismiss, the Wards submitted no evidence tending to show that Wick was not a good faith purchaser of the Property;

13. The Foreclosure Appeal and the Confirmation of Sale Appeal are moot because the Wards did not obtain a stay of the Foreclosure Action pending the Foreclosure Appeal or the Confirmation of Sale appeal, and the Property has been sold to Wick, a good faith purchaser. R. Onaga, Inc., 140 Hawaiʻi at 367, 400 P.3d at 568;

14. The Wards cite Ally Bank v. Hochroth, Nos. CAAP-17-0000911 and CAAP-18-0000465 (consolidated), 2020 WL 1929172 (Haw. App. April 21, 2020) (SDO) for the proposition that their appeals are not moot, but Hochroth did not involve the sale of the foreclosed property to a good faith purchaser; and

15. The Wards argue that "they are seeking damages against" BONY, and "when this case is remanded to the trial court, the Wards will be entitled to recover treble damages from" BONY; however, there are no remaining claims in the Foreclosure Action because the Wards did not assert a counterclaim against BONY, see Bank of Am., N.A. v. Reyes-Toledo, 143 Hawaiʻi 249, 264, 428 P.3d 761, 776 (2018), as corrected (Oct. 15, 2018) (holding that mortgagor may assert a counterclaim for wrongful foreclosure based on the underlying facts of the pending foreclosure case).

Therefore, IT IS HEREBY ORDERED that the Motion to Dismiss is granted, CAAP-19-0000882 and CAAP-22-0000323 are both dismissed as moot, and any pending motions in either appeal are dismissed.

DATED: Honolulu, Hawaiʻi, July 22, 2022.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge